# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| SHARLA WILTON, | ) | CASE NO. 5: 19-cv-133 |
| --- | --- | --- |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Sharla Wilton ("Wilton") has filed a complaint in this action against the United States of America and the State of Ohio. (Doc. No. 1 ["Compl."].) With her complaint, she has filed a motion to proceed *in forma pauperis*. (Doc. No. 2.)

In her complaint, Wilton makes generalized grievances about state and federal policies and laws pertaining to opioid pain medication. (*See* Compl. at 5-11.[1]) She alleges the Centers for Disease Control ("CDC") published guidelines in 2016 with respect to pain medication that are adverse to the needs of many chronic pain patients throughout the United States (including veterans, cancer patients, minorities, and those in impoverished communities). (*See id.* at 7-8, 27.) And she alleges that "[s]ince the publication of the CDC guidelines," the federal government and

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

a number of states, including Ohio, have implemented "policies and laws" adopting the CDC guidelines regarding pain medication that violate the rights of American citizens under the Fourth, Fifth, and Fourteenth Amendments to the Constitution, the "Social Security Act [of] 1935, [t]he Medicare/Medicaid Act [of] 1965, and multiple federal and state antitrust laws." (*Id.* at 1, 9.) She asks the Court "to end abuses by the Federal and State governments and respective agencies" with respect to pain medication laws and policies (*id.* at 1, 27-28), and to allow "all Americans . . . to join this litigation against the State of Ohio and the United States of America" by submitting a "Motion to Join." (*Id.* at 26, emphasis omitted.) Since Wilton filed her complaint, at least 25 motions to join have been filed by various individuals. (Doc. Nos. 3-27.)

Wilton's motion to proceed *in forma pauperis* is granted, but for the reasons stated below, the Court finds that her complaint must be summarily dismissed.

Article III of the Constitution gives the federal courts jurisdiction only over "Cases" and "Controversies," of which the component of standing is an "essential and unchanging part[.]" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). A party seeking to invoke the court's jurisdiction must establish the necessary standing to sue before the court may consider the merits of that party's cause of action. *Whitmore v. Arkansas*, 495 U.S. 149, 154, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990) ("It is well established, however, that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue."). To establish standing under the Constitution, a plaintiff must show "three key elements: (1) [she] suffered an 'injury in fact' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical'; (2) the injury must be 'fairly traceable to the challenged action of the defendant'; and (3) 'it must be likely

. . . that the injury will be redressed by a favorable decision.'" *Gaylor v. Hamilton Crossing CMBS*, 582 F. App'x 576, 579 (6th Cir. 2014) (citing *Lujan*, 504 U.S. at 560–61).

Wilton has not alleged facts sufficient to establish that she has Article III standing. Her complaint consists entirely of generalized grievances, but she has not alleged facts suggesting that she herself has suffered a concrete and particularized "injury in fact" that is fairly traceable to any state or federal law or policy she purports to challenge in the case. Accordingly, her complaint is properly dismissed for lack of subject-matter jurisdiction. When Article III standing is at issue, the plaintiff must allege facts sufficient to establish the requisite individualized harm, *see Keener v. Nat'l Nurses Org. Comm.*, 615 F. App'x 246, 251 (6th Cir. 2015), and Wilton has not done so here.

Furthermore, even if Wilton had demonstrated she has Article III standing, her complaint is nevertheless subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B). That statute requires federal district courts to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 471 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

Wilton's allegations are insufficient to suggest she has any plausible federal claim. Her allegations that the federal government and a number of states, including Ohio, have implemented "policies and laws" violating the rights of citizens under the Fourth, Fifth, and Fourteenth Amendments, "the Social Security Act [of] 1935, [t]he Medicare/Medicaid Act [of] 1965, and multiple federal and state antitrust laws" are purely conclusory and general. She does not refer to

any specific provision of the federal laws she cites that would allow her to sue the United States or the State of Ohio in federal court for the conduct she allegations (or that would permit the relief she seeks), and she does not allege facts plausibly suggesting she was deprived of a cognizable life, liberty, or property interest without due process of law. A court is not required to accept summary allegations or unwarranted legal conclusions in determining whether a complaint states a claim for relief. *See D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Nor is a court obligated to construct claims for *pro se* plaintiffs. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) ("Although liberal construction requires active interpretation of the filings of a pro se litigant, . . . it . . . does not require a court to conjure allegations on a litigant's behalf.").

## CONCLUSION

Accordingly, for the reasons stated above, Wilton's complaint is hereby summarily dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. The pending motions to join (Doc. Nos. 3-27) are all denied as moot.[2]

**IT IS SO ORDERED**.

Dated: April 9, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] Even if Wilton's action could go forward, none of the motions to join would be granted as none of the individuals who have filed a motion has paid the necessary filing fee or filed a proper motion to proceed *in forma pauperis*.